IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCENT VETERE, )
                                  )
            Plaintiff,            )
                                  )
     v.                           )
                                  ) Civil Action No. 12-916
CAROLYN W. COLVIN,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 10th day of March, 2014, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 14) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on June 30, 2009, alleging disability beginning on November 27, 2006, due to nerve damage in his left shoulder, diabetes and depression. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on April 20, 2011. On July 1, 2011, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on May 15, 2012, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 36 years old on his alleged onset date of disability, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a furniture mover, delivery truck driver, groundskeeper and security guard, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of osteoarthritis and allied disorders, diabetes and mood disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff can perform only limited pushing and pulling with his upper extremities, he can perform limited handling and fingering with his non-dominant left hand, and he cannot perform overhead reaching. In addition, plaintiff is limited to only minimal interaction with peers and supervisors, and he cannot deal directly with the public. Finally, plaintiff is unable to cope with stress in emergency situations, such as an unexpected workload with a target date (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual functional capacity do not permit him to perform his past relevant work. However, plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a

AO 72
(Rev. 8/82)

sorter, marker or order caller. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1]  20 C.F.R. §§404.1520(a)(4),

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process by arguing that the ALJ failed to properly evaluate his subjective complaints concerning his pain and other limitations and further failed to pose a hypothetical question to the vocational expert that adequately accounted for all of his work-related limitations. In addition, plaintiff argues that the Commissioner failed to evaluate certain medical evidence, thus the case should be remanded. For reasons explained below, the court finds that these arguments are without merit.

Plaintiff first argues that the ALJ did not properly evaluate his subjective complaints concerning his pain and other limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). In this case, the ALJ properly analyzed plaintiff's subjective complaints and explained why she found plaintiff's testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant

AO 72
(Rev. 8/82)

evidence in the record, including plaintiff's own statements about his symptoms, his activities of daily living, the medical evidence, the extent of plaintiff's treatment and the opinions of physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), 416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations. Accordingly, the ALJ determined that plaintiff's testimony regarding his pain and other limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for her credibility determination in her decision, (R. 16-22), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's next argues that the ALJ's hypothetical question to the vocational expert did not adequately account for all of the work-related limitations caused by his impairments. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the

RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.

Plaintiff also contends that this case should be remanded because the Appeals Council should have considered a May 10, 2011, form report completed by Dr. Joseph Altman, a psychologist who plaintiff began treating with several months prior to the administrative hearing. (R. 48). Plaintiff's argument lacks merit, as this court has no authority to review the actions of the Appeals Council in denying review.

Pursuant to 42 U.S.C. §405(g), a claimant who is unsuccessful in the administrative process may seek judicial review of the Commissioner's final decision denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision that the district court is to review. Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). As the Matthews court explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." Id. at 594. Thus, to the extent plaintiff requests that this court review the Appeals Council's rejection of Dr. Altman's report and decision to deny review, we have no statutory authority to do so.

Furthermore, to the extent that plaintiff claims that this case should be remanded to the Commissioner pursuant to sentence six of §405(g) for consideration of Dr. Altman's form report, he

AO 72
(Rev. 8/82)

has not established that remand is appropriate. When a claimant seeks to rely on evidence that was not before the ALJ, the district court may remand the case to the Commissioner only if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. Matthews, 239 F.3d at 593. Here, plaintiff has not demonstrated that a sentence six remand is warranted.

Evidence is considered "new" if it was not in existence or not available to the claimant at the time of the administrative proceeding. Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). In this case, Dr. Altman's May 10, 2011, report was not completed until after the administrative hearing was held on April 20, 2011, and after the post-hearing deadline of May 4, 2011, which the ALJ set for the submission of any additional medical evidence. (R. 56). Although Dr. Altman did not complete his report until after the administrative hearing, the report does not qualify as "new" evidence. Plaintiff testified that he began seeing Dr. Altman two or three months prior to the administrative hearing, (R. 48), thus he could have obtained Dr. Altman's report prior to that time. Moreover, the ALJ kept the record open until May 4, 2011, so that plaintiff could submit additional medical evidence if he wished to do so. (R. 56). Nevertheless, plaintiff did not submit Dr. Altman's form report prior to that deadline, nor did his counsel request an extension of time to submit the report or any other medical evidence.

Furthermore, Dr. Altman's form report on which he rated

plaintiff's ability to perform various mental work-related tasks is not material. In many of the subcategories listed under "understand and remember," "social interactions," "sustained concentration and persistence," "routine functions" and "stress," Dr. Altman rated plaintiff as having no impairment or a mild or moderate impairment. To the extent that Dr. Altman rated plaintiff as having a marked impairment in certain subcategories of concentration and persistence and stress, the doctor provided no explanation for such rating, other than noting "depression" or "physical limitation."

Finally, plaintiff has not demonstrated good cause for failing to submit Dr. Altman's report, thus a sentence six remand is not warranted in this case. As stated, plaintiff began treating with Dr. Altman several months prior to the administrative hearing, (R. 48), thus he could have obtained the doctor's report prior to the hearing. Alternatively, plaintiff could have obtained and submitted Dr. Altman's report by the post-hearing deadline the ALJ set to receive additional medical evidence, or plaintiff's counsel could have requested an extension of time to submit Dr. Altman's report.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is

not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Domenic A. Bellisario, Esq.
310 Grant Street, Suite 1302
Pittsburgh, PA 15219

Michael Colville
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219